Lin v. Holder

BIA
Vomacka, IJ
A088 638 868

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of October, two thousand thirteen.

PRESENT:
> RICHARD C. WESLEY,
> GERARD E. LYNCH,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

LIQIU LIN,
> *Petitioner,*

v.                                              12-3569
                                                NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Michael Brown, New York, NY.

FOR RESPONDENT:        Stuart F. Delery, Principal Deputy Assistant Attorney General; Douglas E. Ginsburg, Assistant Director; Karen L. Melnik, Trial Attorney; Caroline Arbaugh, Law Clerk, Office

of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Liqiu Lin, a native and citizen of the People's Republic of China, seeks review of a August 21, 2012, decision of the BIA affirming the June 7, 2011, decision of Immigration Judge ("IJ") Alan A. Vomacka, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Liqiu Lin*, No. A088 638 868 (B.I.A. Aug. 21, 2012), *aff'g* No. A088 638 868 (Immig. Ct. N.Y. City June 7, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA, considering only those grounds for the adverse credibility determination that were affirmed by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C.

§ 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For applications such as Lin's, governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on the plausibility of an applicant's account, as well as inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim."  8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *see Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam). Furthermore, for purposes of a credibility determination, "[a]n inconsistency and an omission are . . . functionally equivalent."  *Xiu Xia Lin*, 534 F.3d at 166, n.3.  We "defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Id*. at 167.  In this case, the agency reasonably based its adverse credibility finding on the discrepancies between Lin's asylum application and his testimony, as well as the implausibility of his account, and his demeanor.

3

Lin asserted in his asylum application that police in China detained him and "interrogated [him] in the police station" about his Falun Gong activities, while he testified that the police interrogated him at home, prior to arresting him, as well. Lin further testified that he sought medical treatment at a private clinic for injuries that he sustained in custody, but did not mention in his asylum application that he received treatment for his injuries. That these discrepancies do not address the heart of Lin's claim is immaterial. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. The agency also reasonably concluded that it was implausible that Lin voluntarily appeared before a divorce court shortly before his departure from China when, at the same time, he asserted that he was in hiding to evade detection by Chinese authorities. *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 68 (2d Cir. 2007). The IJ's observations regarding Lin's demeanor while testifying — that he hesitated and spoke to himself under his breath before answering questions — bolsters the agency's conclusion. We accord particular deference to the trier of fact's assessment of demeanor, as he was in the best position to observe Lin's manner while testifying. *See Tu Lin v. Gonzales*, 446 F.3d 395, 400 (2d Cir. 2006).

4

Finally, Lin failed to provide reasonably available evidence to corroborate his claim. During his testimony, he asserted that his parents paid bail in order to secure his release from police custody, but submitted no documentation to confirm the payment. Lin first maintained that his father refused to tell him whether the police had provided a receipt, and then asserted that the Chinese government had retained the receipt. Lin's asylum application and the letter from his father make no mention of any bail payment at all. Because the agency had already called Lin's credibility into question due to his inconsistencies and implausibilities, it did not err in relying on the lack of corroboration as further support for the adverse credibility determination. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Moreover, the agency did not err in rejecting Lin's varying explanations for his failure to provide the requested corroborating evidence. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Given the discrepancies, implausibilities, and lack of corroboration, the totality of the circumstances supports the agency's credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Moreover, the adverse credibility finding necessarily

5

precludes success on Lin's claims for asylum, withholding of removal, and CAT relief, as all three claims share the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang*, 426 F.3d at 523.

For the foregoing reasons, the petition for review is DENIED and the pending motion for a stay of removal in this petition is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk